**COHESIVE TECHNOLOGIES,**
Plaintiff,

v.

**WATERS CORPORATION, Defendant.**

**No. Civ.A. 99–11528–REK.**

United States District Court,
D. Massachusetts.

Jan. 9, 2001.

David A. Barry, Sugarman, Rogers, Barshak & Cohen, Boston, MA, Robert H. Stier, Jr., Pierce Atwood, Portland, ME, Peter S. Black, Pierce Atwood, Portland, ME, for Cohesive Technologies, Inc., plaintiff.

John L. Welch, Ann Lamport Hammitte, Timothy J. Douros, William A. Scofield, Jr., Ralph A. Loren, Ann T. Lamport, Lahive & Cockfield, Boston, MA, Anthony J. Janiuk, Waters Corporation, Milford, MA, for Waters Corporation, defendant.

### Opinion and Order

KEETON, District Judge.

### I.

Pending on the docket in this case are the following motions:

(1) Motion For Partial Summary Judgment That the '368 Patent is Not Invalid Under 35 U.S.C. § 103 (Docket No. 45, filed October 31, 2000);

(2) Motion for Partial Summary Judgment That Waters Has Infringed the '368 Patent (Docket No. 48, filed October 31, 2000);

(3) Defendant Waters Corporation's Motion for Summary Judgment of Unenforceability Due to Inequitable Conduct (Docket No. 51, filed October 31, 2000);

(4) Defendant Waters Corporation's Motion for Summary Judgment of Noninfringement (Docket No. 55, filed October 31, 2000);

(5) Defendant Waters Corporation's Motion for Summary Judgment of Anticipation And/Or Obviousness of United States Patent No. 5,919,368 (Docket No. 59, filed October 31, 2000);

(6) Motion By Cohesive Technologies, Inc. to Sever and Consolidate the Inequitable Conduct Affirmative Defense (Docket No. 64, filed November 7, 2000); and

(7) Motion by Cohesive Technologies to Consolidate the Claim Construction Issues Before Judge Woodlock (Docket No. 77, filed November 21, 2000).

### II.

■ The last two of the pending motions seek an order consolidating this case with an earlier case pending before another judge of this court. Under the Local Rules for the District of Massachusetts, I have no authority to decide these motions. I will therefore take no action on them other than directing the clerk to delete these motions from the docket of this case as motions pending for decision by me in this case.

### III.

A limited number of core legal contentions drive all the pending motions. One party or the other asks me to predict the ultimate resolution in a higher court of an issue of first impression in order to decide each pending motion.

For example, the motion first filed is the Motion for Partial Summary Judgment That the '368 Patent is Not Invalid Under 35 U.S.C. § 103 (Docket No. 45). The supporting memorandum (Docket No. 46), under the caption *"Argument,"* contains only one topical statement, and it is a mixed law-fact proposition, as follows:

COHESIVE IS ENTITLED TO PARTIAL SUMMARY JUDGMENT BECAUSE WATERS LACKS EVIDENCE OF OBVIOUSNESS THAT IS OF SUFFICIENT QUANTITY AND QUALITY TO CARRY ITS BURDEN AT TRIAL.

Docket No. 46, p. 2. The argument proceeds for two pages of generalized assertions, with citations, not reciting any connection with the evidence in this case.. The first reference to evidence in this case, coming after citation of *ATD Corp. v. Lydall, Inc.,* 159 F.3d 534, 546 (Fed.Cir.1998), is as follows:

Consequently, in order to survive summary judgment, Waters would have to show that it has evidence of a sufficient quantity and quality to enable a reasonable fact finder to conclude clearly and convincingly that these four types of facts render the '368 patent invalid. Waters has no evidence that even addresses the first, third, and fourth types

of facts, much less support a legal conclusion of obviousness.

*Id.* at p. 4.

Then, before returning to generalized statements not connected to evidence in this case, the supporting memorandum makes this assertion:

Dr. Horvath's opinion is insufficient as a matter of law to establish obviousness. His conclusion that the '368 patent's "novelty rests on a rather fragile foundation" could not lead a reasonable fact finder to conclude by clear and convincing evidence that the subject matter of the '368 patent would have been obvious to a person of ordinary skill in the art as of 1995 in light of the prior art. Indeed, Dr. Horvath's statement does not even show clearly and convincingly that he, personally, considered the '368 patent to have been obvious in 1995. He refused to say whether the patent was obvious at his deposition, because he has not formed such an opinion. If one as skilled in the art as Dr. Horvath, who is familiar with the prior art, cannot state unequivocally that the invention was obvious, then an ordinarily skilled artisan, such as one of Dr. Horvath's students, surely would not have considered the invention to be obvious based upon the same prior art.

*Id.*

■ I conclude for several independent reasons stated below that I cannot accept as a basis for my decision the mixed law-fact assertion that

if one as skilled in the art as Dr. Horvath, who is familiar with the prior art, cannot state unequivocally that the invention was obvious, then an ordinarily skilled artisan, such as one of Dr. Horvath's students, surely would not have considered the invention to be obvious based upon the same prior art.

*Id.*

*First,* this assertion assumes as an indisputable fact that Dr. Horvath is the sole fount of all knowledge about the relevant prior art. This is an assertion that the proffers now before me on the record in this case do not support with admissible evidence.

*Second,* this assertion assumes a legal definition of relevant prior art that is not supported by citations and could only be accepted as a basis for a partial summary judgment in this case if I decided an issue of first impression.

*Third,* the implicit request that I decide an issue of first impression is not supported by any reasoned explanation of why I should do so.

■ Similar deficiencies appear in the first filing by Waters, Defendant Waters Corporation's Motion for Summary Judgment of Unenforceability Due to Inequitable Conduct (Docket No. 51) and the supporting memorandum (Docket No. 52). In this instance, issues of first impression are imbedded in contentions about "Cohesive's Intent." Is the legal test to be applied a true state-of-mind "subjective" test, concerned with what in fact was in the mind of some natural person for whose state of mind the corporate entity, Cohesive, is legally accountable? Or is it at least in part if not entirely an "objective" test concerned with conduct of a legally defined hypothetical person of specified skills and knowledge?

Issues of first impression are imbedded also in Waters' assertions about "Balancing of Materiality and Intent." The only cases cited by Waters in this part of its argument are *Gambro Lundia AB v. Baxter Healthcare Corporation,* 110 F.3d 1573, 1580 (Fed.Cir.1997) and *Paragon Podiatry Laboratory, Inc., v. KLM Labs., Inc.,* 984 F.2d 1182 (Fed.Cir.1993), neither of which could reasonably be said, on the evidence now before this court, to control the outcome of a motion for summary judgment in this case without an extension of doctrine that would in effect be deciding an issue of first impression.

These examples are enough. I need not and do not proceed through all the other motions now pending to underscore the basic point that I could not order a summary judgment now without making a decision at this time on a disputable legal issue of first impression. It is my regular practice not to make such a decision without a showing of extraordinary circumstances.

Even when the burden of proof at trial will be on the party opposing a motion for summary judgment, the movant seeking summary judgment has another kind of burden, in federal courts under Rule 56 of the Federal Rules of Civil Procedure and in most states under a similar rule of procedure and practice. It is a burden to make an initial showing that no fact that is material to disposition of the case is genuinely in dispute.

This is in essence a two-part, legal-factual burden. Failure to meet either part of the burden is decisive against a motion for summary judgment. One part of the burden is to identify a valid legal theory for a judgment for the movant. The other part is to show that no genuine dispute exists with respect to any element of the factual premises for that legal theory.

A common misunderstanding is that even if the legal theory advanced by the movant is supported not by existing law but by a reasonable argument for extension or modification of existing law, the trial judge is obligated to decide forthwith the legal issue of first impression advanced by the movant. No such obligation exists.

The trial judge may, instead, simply declare that the movant has failed to meet the movant's burden of establishing the legal part of the movant's two-part, legal-factual burden. As a prudential matter this is often a wiser course for the trial judge to take in the interests of avoiding the risk of wasteful expense for the parties and the court system that would be likely to occur if the trial court decided the debatable legal issue of first impression for the movant, only to have the decision reversed on appeal. A year or more of delay and expense would have resulted from the erroneous granting of a motion for summary judgment founded on a debatable legal theory that was decided the other way on appeal.

If, however, the trial judge concludes that a legal theory invoked by the party moving for summary judgment is valid, the movant still must satisfy each factual element of the two-part, legal-factual burden of a party moving for summary judgment.

Ordinarily both of the two parts of the movant's legal-factual burden can be satisfied by filing a statement identifying allegedly undisputed facts, with affidavits, admissions of the opponent, or some other form of admissible evidence supporting each allegedly undisputed fact that is material under the legal theory (or theories) for which authoritative sources (including statutes as well as precedents) are cited.

Sometimes a movant fails to meet the two-part burden because the statutes and precedents relied upon are not directly on point and the cited authorities thus fail to demonstrate that no other facts than those stated as allegedly undisputed will be material. In other words, the movant fails to show that no responsive legal theory will be available to the opposing party, along with facts to support that theory, to defeat the asserted entitlement to summary judgment. A case involving this kind of uncertainty about the law invoked by the movant is within a class of cases involving, according to a very common usage, "an issue of first impression"—an issue as to which as yet no clearly stated answer appears in any authoritative source of law.

In a case presenting an issue of first impression, a court may conclude that it

should decide the issue of first impression in the movant's favor and grant the summary judgment. A final judgment entered upon that ruling would be immediately appealable and, if affirmed, would end the litigation. As stated before, however, if on appeal the judgment should be reversed, the case would go back to the trial court for further proceedings, but only after substantial delay during the briefing, hearing, and disposition of the appeal.

If at all uncertain about how a potentially decisive issue of first impression may be resolved in higher courts, a trial court may instead, as stated above, deny the motion for summary judgment and press the case forward to determine whether a final disposition on the merits may be reached on less debatable legal grounds, or on findings that under settled law would be decisive of the outcome regardless of how the legal issue of first impression might later be resolved in higher courts. This way of proceeding commits more of that trial judge's time to the case but often results in far greater savings of time and resources for the parties and the court system.

Keeton, *Judging in the American Legal System* § 17.2.1 (Lexis Law Publishing, 1999).

For the reasons stated in the foregoing quotation, I will deny each of the motions identified above other than the motions for consolidation.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) The Clerk is directed to delete the motions for consolidation (docketed as Docket No. 64 and Docket No. 77) from the docket of this case as pending motions.

(2) Motion For Partial Summary Judgment That the '368 Patent is Not Invalid Under 35 U.S.C. § 103 (Docket No. 45) is DENIED.

(3) Motion for Partial Summary Judgment That Waters Has Infringed the '368 Patent (Docket No. 48) is DENIED.

(4) Defendant Waters Corporation's Motion for Summary Judgment of Unenforceability Due to Inequitable Conduct (Docket No. 51) is DENIED.

(5) Defendant Waters Corporation's Motion for Summary Judgment of Noninfringement (Docket No. 55) is DENIED.

(6) Defendant Waters Corporation's Motion for Summary Judgment of Anticipation And/Or Obviousness of United States Patent No. 5,919,368 (Docket No. 59) is DENIED.